ORIGINAL

FILED

SEP 11 2007

U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PARSONS EVERGREENE LLC

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 07-665 C

## COMPLAINT

COMES NOW the Plaintiff, Parsons Evergreene LLC ("Parsons") and, by and through the undersigned counsel, hereby asserts the following for its Complaint against the Defendant, the United States:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to the Tucker Act, 28 U.S.C. § 1491. Parsons brings this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.*

## STATEMENT OF FACTS

2. Parsons is a limited liability company duly authorized under the laws of the State of California.

3. On September 27, 2003, under Contract No. F41622-02-D-003 (the "Contract"), the Air Force Materiel Command (the "Government") issued Delivery/Task Order TG21 to Parsons to provide design and construction services to perform Anti-Terrorism/Force Protection improvements at Charleston AFB.

4. The Contract, as awarded, contained the Changes clause and the Disputes clause.

ORIGINAL

5. Task Order TG21 provides that "the contractor shall accomplish the effort described in the Statement of Work (SOW) dated 25-Sep-03 . . . for a total . . . amount of $5,361,114.00."

6. Task Order TG21 provides that "[t]he contractor's Confirmation of Negotiations letter dated 12 Sep 03 and emails dated 25 Sep 03 reflects mutual agreement of negotiated assumptions, period of performance, and task order price and is hereby incorporated by reference and made a part hereof."

7. The Contract *only* included fencing, of any type, within the following Project areas: Repair Base Entry Road (Project No. DKFX 03-1121A) and Construct AT/FP Overwatch (Project No. DKFX 03-1121F).

8. The Contract *did not include any fencing* within the construction limits of the following Projects: Constructed Visitor Center/Parking (Project No. DKFX 03-1121D), Construct Vehicle Inspection Area (Project No. DKFX 03-1121E), and Construct New Overhead Canopy/ID Checkstation/Pavement (Project No. DKFX 03-1121B).

9. The fencing at issue was constructed within the Construct New Overhead Canopy/ID Checkstation/Pavement project limits, an area that was not planned for fencing, of any type, according to the Contract.

10. The Contract provides: "Costs are based on the concept designs included with this proposal and the quantities and materials indicated in the respective cost estimate. Any change to design materials and/or quantities will be cause for adjustments to the costs proposed herein."

11. The Contract provides: "All costs are based on the drawings & site plans developed at the AMC Gates Charette. Those drawings, as modified during the subsequent

meetings and discussions with the Air Force, form the basis of our proposal and are included in this proposal."

12. On February 2, 2004, the Government directed Parsons to locate a brick and wrought iron architectural fence on both the north and south sides of the new traffic circle and to intersect this fence with the new canopy.

13. Parsons incurred additional design and construction costs in the amount of $294,797 to effect this contract change.

14. At a minimum, the Contract only required fencing in the Repair Base Entry Road and Construct AT/FP Overwatch project limits. The general scope of work included in the Contract did not require Parsons to provide fencing, of any type, within the Construct New Overhead Canopy/ID Checkstation/Pavement project limits. The Dorchester Gate schematic drawings, which formed the basis of the general scope of work, clearly show which projects were to receive fencing and which were to receive no fencing. The Construct New Overhead Canopy/ID Checkstation/Pavement project was one of those projects that was not to receive any fencing.

15. By compelling Parsons to provide fencing in the Construct New Overhead Canopy/ID Checkstation/Pavement project limits, in addition to those project areas where fencing was to be provided, the Government's order exceeded the Contract's minimum fencing requirement.

16. The Government required the installation of the brick and wrought iron architectural fencing as shown on drawing CS-102. On February 2, 2004, the Government directed Parsons to locate the architectural fence on both the north and south sides of the new traffic circle and to intersect this fence with the new canopy. Parsons did not volunteer this

work; rather, pursuant to the Contract's Default clause, FAR 52.249-10, Parsons diligently performed the work, as directed by this informal change to the Contract.

17. This directed change, adding 829 LF of brick and wrought iron architectural fencing, caused Parsons' to incur additional design, construction and other costs as itemized below:

| | |
|---|---|
| Brantley Construction | $ 228.522 |
| Design (5%) | 11,426 |
| Overhead (2%) | 4,799 |
| Task Order Management (10%) | 24,474 |
| Profit (9.5%) | 25,576 |
| TOTAL | $ 294,797 |

18. On November 23, 2005, Parsons submitted to the contracting officer its certified claim for $294,797.

19. The Contracting Offer denied Parsons' claim on or about September 11, 2006.

**COUNT 1 –CONSTRUCTIVE CHANGE**

20. The Contract's Changes clause requires the Contracting Officer to make an equitable adjustment and modify the contract in writing where a change to the contract causes an increase in the contractor's cost. Here, the Government directed Parsons to perform work beyond the scope of the contract, specifically to provide and install 829 liner feet of architectural fence within the Construct New Overhead Canopy/Id Checkstation/Pavement project. Such act by the Government constitutes a "constructive change" to the Contract, for which Parsons is entitled to an equitable adjustment.

**COUNT 2 – BREACH OF CONTRACT**

21. As stated in Paragraph 10, *supra*, the Contract provided that: "Any change to design materials and/or quantities will be cause for adjustments to the costs proposed herein." The Government's direction to Parsons to provide additional fencing outside of the Contract's

scope of work constituted a change to the Contract's original design materials and quantities. The Government's failure to adjust the contract amount to account for such change constitutes a breach of contract for which Parsons is entitled to damages.

WHEREFORE, Parsons prays for relief in the amount of $294,797, plus any interest, attorneys fees and any such other relief as the Court deems just and appropriate.

Respectfully submitted this 10 day of September, 2007.

OLES MORRISON RINKER & BAKER LLP

By: ____________________
James F. Nagle

Attorney for Plaintiff, Parsons Evergreene LLC
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, Washington 98101-3930
Phone: (206) 623-3427
Fax: (206) 682-6234

P-JAD CFC Complaint Fencing REA Charleston AFB 090707 11339.0008